FILED

2024 Feb-08  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**BETTY STREET,**
     Plaintiff,

**v.**

**TALLADEGA CITY BOARD OF EDUCATION,** *et al.*,
     Defendants.

**Case No. 1:22-cv-614-CLM**

## MEMORANDUM OPINION

Betty Street was a Kindergarten teacher in the Talladega City School System. During that time, Street alleges that she was harassed, defamed, retaliated against, and denied a fair opportunity to publicly speak against her mistreatment. So Street has sued four defendants: the Talladega City Board of Education ("the Board"), Superintendent Tony Ball, Principal Phillip Jenkins, and fellow Kindergarten teacher Caitlyn Freeman.

The Board, Ball, and Freeman moved to dismiss Street's claims against them. (See Docs. 12, 13). The court entered a memorandum opinion and corresponding order granting their motions to dismiss some claims and denying their motions on others:

- The court denied Ball and Freeman's motions to dismiss Count 1 (defamation);
- The court denied Ball and Freeman's motions to dismiss Count 2 (false light);
- The court granted Ball and the Board's motions to dismiss Count 3 (First Amendment prior restraint);
- The court granted Ball and the Board's motions to dismiss Count 4 (First Amendment retaliation);

- The court granted the Board's motion to dismiss Count 5 but denied Ball and Freeman's motions (hostile work environment);
- The court granted Ball's motion to dismiss Count 6 but denied the Board's (Equal Protection disparate treatment); and
- The court granted Ball, Freeman, and the Board's motions to dismiss Count 7 (Equal Protection retaliation).

Because Jenkins was not served when these Defendants moved to dismiss, he now moves to dismiss Count 4 (First Amendment retaliation) and Count 7 (Equal Protection retaliation) against him. (Doc. 31).

### STATEMENT OF THE ALLEGED FACTS[1]

Betty Street, a white female, was hired by Talladega City Schools to teach Kindergarten. While teaching, Street says she was harassed, bullied, and subjected to inappropriate sexual comments. So Street filed an EEOC complaint against the school principal, the Superintendent of the school system, and the Talladega City Board of Education.

Street says that her plight got worse from there.

1. <u>The resignation letter</u>: Two weeks after the EEOC issued its right to sue letter, new Superintendent Tony Ball told Street that he was concerned about her teaching, even though Street had no negative employment or performance records. Superintendent Ball told Street that, because he was concerned, he wanted to observe her in the classroom. Street requested that a witness be present for that observation, which she says upset Ball. Even though the observation revealed no poor performance, Ball required Street to observe other teachers in a different system.

Superintendent Ball told the parent of a student that he wanted to fire Street, but it was difficult because she had tenure. He also told that

---

[1] Because the court considered a holistic account of events (including those involving Principal Jenkins) in its memorandum opinion (doc. 24), the court restates those facts here.

parent that he wanted to hire black teachers because most students were black.

At the same time, Superintendent Ball had Street's fellow Kindergarten teacher, Caitlyn Freeman, collect information on Street. Freeman, in turn, enlisted students to spy on Street and report what was happening in Street's classroom. Freeman then falsely reported to Superintendent Ball that Street had no control of her classroom.

Other teachers told Street that Freeman said she was going to "get" Street on the last day of school. The school principal, Phillip Jenkins, knew about the threats, but refused to act or tell Street about them. In any event, Street took the threat of physical violence seriously because, she says, Freeman had a record of threatening others with violence.

Freeman never attacked Street; instead, Freeman resigned. With Principal Jenkins' help, Freeman wrote a resignation letter that said she (Freeman) suffered "emotional anguish and mental harassment, refusal of collaboration, and continuous verbal abuse from Street." She also wrote that "as long as Street is an employee underneath Talladega City School Systems, her constant harassment towards myself and others will keep happening."

Street says that Freeman, Superintendent Ball, and Principal Jenkins all knew these statements were false. Yet the trio shared the letter with Street's co–workers, employees at other Talladega City Schools, and the Administration.

Principal Jenkins didn't stop there. He warned Street's co-workers to stay away from Street because she was a troublemaker, even though Street had no negative employment history in her file. Altogether, this caused Street to seek mental health treatment and request to transfer to another school, which was ignored.

2. The School Board Meeting: Street wanted to publicly tell the School Board about these incidents and discuss the mental health and physical safety of employees in the district. In compliance with Board

policy, Street wrote a letter to the Board that detailed what she wanted to say during the meeting.

The Board subsequently restricted what topics Street could discuss and prevented her from bringing a witness. Superintendent Ball threatened to sue Street if she named anyone during her remarks.

Later, Superintendent Ball admitted to Street that he knew Freeman's letter was backwards; that Freeman was the bully, not Street. Ball asked Street not to speak at the meeting because her remarks would reflect badly on him.

But Street was determined to speak. So Superintendent Ball left Street off the agenda and closed the meeting to public entry. Despite Board meetings usually being broadcast on Zoom, the Board streamed this meeting on YouTube instead. The YouTube stream failed, so members of the public couldn't watch it.

When Street started to read her preapproved letter, the Board chair stopped her and did not allow her to continue speaking. Street requested to read her full letter at a future board meeting, but the Board, through Superintendent Ball, denied that request.

3. <u>The complaint</u>: The next month, Street complained to the Alabama Department of Education that Ball, Jenkins, and Freeman harassed her. To the court's knowledge, nothing has come of that complaint. In the months that followed, three of Street's black co-workers told Street that Freeman told them to "throw out the race card" if anything happened between them and Street. And a new teacher told Street that she was instructed not to talk to her.

So Street sued the Board, Ball, Freeman, and Jenkins. She alleges Libel, Slander, and Invasion of Privacy/False light claims against Ball, Freeman, and Jenkins in their individual capacities. She brings one First Amendment claim for prior restraints against the Board and Ball in his official and individual capacities, and another First Amendment Claim for retaliation against Ball, Jenkins, and the Board. She brings a hostile work

environment claim against the Board, and Ball, Jenkins, and Freeman in their individual capacities. And she brings two Equal Protection claims—one for disparate treatment against the Board and Ball in his individual capacity, and another for retaliation—against Ball, Jenkins, Freeman, and the Board.

The court dismissed Street's

- First Amendment claim for prior restraints against the Board and Ball,
- First Amendment claim for retaliation against the Board and Ball,
- hostile work environment claim against the Board,
- Equal Protection claim for disparate treatment against Ball,
- Equal Protection claim for retaliation against Ball, Freeman, and the Board.

Jenkins now moves to dismiss Street's First Amendment retaliation claim and her Equal Protection retaliation claim against him. (Doc. 31).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### A. Official Capacity Claims Against Jenkins

Principal Jenkins argues that the official capacity claims against him should be dismissed as redundant of the claims against the Board.

"Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). As the circuit court reasoned in *Busby*, "[t]o keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury." *Id.*

As stated in our memorandum opinion addressing the Board, Ball, and Freeman's motions to dismiss (doc. 24), because these claims are "functionally equivalent" to the claims against the Board, keeping them would be redundant and could confuse the jury. And Street has presented no new argument that would merit reconsideration of the court's decision. (*See* Doc. 17, pp. 2-3; Doc. 24, pp. 5-6; Doc. 35, pp. 3-4). So circuit precedent requires the court to **DISMISS** all claims against Jenkins in his official capacity also.

### B. Individual Counts

### Count 4: First Amendment, retaliation

Street alleges that Principal Jenkins violated her First Amendment right by retaliating against her for filing an EEOC complaint and writing a letter to the Board about her mistreatment.

For a public employee to sue their government employer under the First Amendment, "the employee must show that he or she spoke as a citizen on a matter of public concern." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 386 (2011) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983)). "If an employee does not . . . address a matter of public

concern, 'a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.'" *Id.* "When there is a personal element to the speech, complaints of wrongdoing within a public agency may not constitute speech on a matter of public concern." *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1288 n.13 (11th Cir. 2000) (citing *Maggio v. Sipple,* 211 F.3d 1346, 1352 (11th Cir. 2000); *Morgan v. Ford,* 6 F.3d 750, 754 (11th Cir. 1993)). So to state a valid claim that Jenkins retaliated against her for exercising her First Amendment rights, Street must establish that she was speaking on a matter of public concern.

As stated in the court's memorandum opinion addressing the Board, Ball, and Freeman's motions to dismiss (doc. 24), neither Street's letter to the Board nor her EEOC complaint involved matters of public concern.[2] And she alleges exactly the same speech and exactly the same claim against Jenkins here. While allegations of discrimination may constitute a matter of public concern in other instances, the primary purpose of Street's allegations here are to support her own employee grievance. *Garcetti v. Ceballos*, 547 U.S. 410, 420 (2006) (citing *Connick,* 461 U.S. at 154); *see also Maggio*, 211 F.3d at 1353.

Street says that her claims against Jenkins stem from his alleged retaliation against her for filing her EEOC complaint. Street says that Jenkins stated she had performance problems, helped Freeman draft her resignation letter accusing Street of bullying, helped share that letter with third parties, and labeled her a troublemaker to other teachers—all despite her having no previous disciplinary actions or performance issues. (Doc. 35, p. 9). Even if these actions constituted an adverse employment action, which the court does not decide today, Street has failed to allege that her speech (*i.e.*, her complaint to the EEOC) involves a matter of

---

[2] "Despite her allegations that some members of the public were involved, the root of her complaints to the Board and to the EEOC were that she was mistreated by the Board and its employees. While that may be true and sufficient to establish other claims, the content, form, and context of her speech fail to establish that she was speaking on a matter of public concern." (Doc. 24, p. 10).

public concern. So Street's First Amendment claim against Jenkins must fail.

### Count 7: Equal Protection, retaliation

Street also brings a claim under §1983 alleging that Principal Jenkins retaliated against her for filing an EEOC complaint of gender discrimination. As stated in the court's memorandum opinion addressing the Board, Ball, and Freeman's motions to dismiss (doc. 24), a claim of gender-based retaliation "simply does not implicate the Equal Protection Clause." *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997); *see also Ratliff v. DeKalb Cnty., Ga.,* 62 F.3d 338, 340 (11th Cir. 1995) ("[N]o clearly established right exists under the *equal protection* clause to be free from retaliation."). And Street has presented no new argument that would merit reconsideration of the court's decision. (*See* Doc. 17, pp. 24-25; Doc. 24, pp. 16-17; Doc. 35, pp. 9-10). So Street's Equal Protection retaliation claim against Jenkins fails.

## CONCLUSION

For these reasons, the court **GRANTS** Jenkins' motion to dismiss Count 4 (First Amendment retaliation) and Count 7 (Equal Protection retaliation) against him. (Doc. 31).

These claims and corresponding defendants remain before the court:

- Count 1 (defamation): Freeman, Ball, and Jenkins
- Count 2 (false light): Freeman, Ball, and Jenkins
- Count 5 (hostile work environment): Freeman, Ball, and Jenkins
- Count 6 (disparate treatment): the Board

**DONE** and **ORDERED** on February 8, 2024.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE